# IN THE UNITED STATES DISTRICT COURT FOR THE FILED
## EASTERN DISTRICT OF OKLAHOMA

OCT 3 0 2007

William B. Guthrie
Clerk, U.S. District Court

By_____ Deputy Clerk

GARY R. PIERCE, )
 )
          Plaintiff, )
 )
v. ) No. CIV 05-513-RAW-SPS
 )
DENNIS COOK, et al., )
 )
          Defendants. )

## OPINION AND ORDER

This action is before the court on Defendant Jerome Amaranto's motion for summary judgment [Docket #77], Defendant Dennis Cook's motion for summary judgment [Docket #78], and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint [Docket #1], Defendants Amaranto's and Cook's motions, and the parties responses and replies. Plaintiff, an inmate in the custody of Oklahoma Department of Corrections, brings this action under the authority of 42 U.S.C. § 1983, alleging constitutional violations occurring during his arrest and his incarceration at the Pittsburg County Jail in McAlester, Oklahoma. The remaining defendants are Dennis Cook, Krebs, Oklahoma, Chief of Police; Jerome Amaranto, Pittsburg County Sheriff; John Does #1-#3, Officers of the Pittsburg County Sheriff's Department; John or Jane Doe #4, Pittsburg County Jailer; John or Jane Doe #5, Commissioner of the State Health Department; John or Jane Doe #6, Director of the State Department of Human Services; John or Jane Doe #7, Director of Council on Law Enforcement, Education, and Training; and John or Jane Doe #8-14, Members of the Council

on Law Enforcement, Education, and Training.[1]

As discussed in this court's previous order [Docket #54], plaintiff alleges that on or about December 17, 2003, he was arrested by Defendants John Doe #1-#3 of the McAlester County/City Police, who were substituting for Defendant Dennis Cook. Plaintiff asserts he was struck on the left side of his head with a 14-inch flashlight, causing a 3-centimeter cut that required four staples to close. Plaintiff claims Defendants John Doe #1-#3 also repeatedly twisted his left arm, causing six abrasions. Throughout this period, plaintiff was called a "blanket ass Indian."

Plaintiff further alleges the officers waited until December 18, 2003, to take him from the county jail to the McAlester Regional Health Center for treatment of his injuries. When he was returned to the Pittsburg County Jail, Defendant Jailer John or Jane Doe #4 allegedly denied him his prescription for Keflex. Plaintiff claims Defendants Cook and Amaranto exhibited deliberate indifference and/or gross and reckless negligence to his medical needs, and these defendants also failed to properly employ, train, and supervise the deputy sheriffs and other officers.

## Standard

The defendants have moved the court for summary judgment. Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Their initial burden is to show the absence of evidence to support plaintiff's case. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The defendants must identify those portions of "the pleadings, depositions, answers to

---

[1] None of the John or Jane Doe Defendants have been served.

interrogatories, and admissions on file, together with the affidavits, if any" which establish the absence of any genuine issue of material fact. *Id.* The defendants need not negate plaintiff's claim or disprove plaintiff's evidence, but rather, the defendants' burden is to show there is no evidence in the record to support plaintiff's claim. *Id.* at 325. Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Summary judgment is not appropriate if there exists a genuine material factual issue such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). In this regard, all evidence of the nonmoving party is deemed true, and all reasonable inferences are drawn in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 114, 158-59 (1970)). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. With these standards in mind, the court turns to the merits of the defendants' motions.

**Defendant Jerome Amaranto**

The record shows that on December 17, 2003, at approximately 11:15 p.m., Officer James Holloway of the Krebs Police Department was dispatched to the Krebs Park, following a report of an individual screaming and taking his clothes off. Upon arrival at the scene, Holloway found a camouflage jacket, a shirt, and a cap on the walking track. At approximately 11:17 p.m. the victim stopped Officer Holloway and told him a man was tearing up the victim's house. When Holloway approached the house, he noticed that the back door had been knocked off its hinges. [Docket #77, Ex. 2 at 1].

3

While inspecting the door, Holloway heard someone screaming from the residence next door, so he went to the other house, where he saw plaintiff in the back yard screaming nonsense. Holloway ordered plaintiff to get on the ground. When plaintiff did not comply, Holloway took plaintiff down with a technique called an "arm bar." Plaintiff was not complying and was resisting, but Holloway was able to handcuff him. Deputy J. W. Young then arrived at the location and stayed with plaintiff while Holloway spoke with the victim. *Id.*, Ex. 2 at 1.

After interviewing the victim, Holloway placed plaintiff in the patrol car. Holloway asked plaintiff if he needed treatment at the hospital, but plaintiff declined, so they continued to the Pittsburg County Sheriff's Office for booking. During the trip, plaintiff was screaming and babbling senselessly, while he kicked the back door and roof of the patrol car. *Id.*, Ex. 2 at 1-2.

Plaintiff was booked into the Pittsburg County Jail, and at approximately 1:30 a.m. on December 18, 2003, he rolled off his bunk in the observation room and hit his head. *Id.*, Ex. 3-5. Jailer Teafatiller went to the observation room to check on him, and plaintiff indicated he was all right. *Id.* A few moments later, plaintiff was standing in the observation room and fell straight back, again hitting his head. *Id.* Jailer Teafatiller returned to the observation room where plaintiff indicated he was all right, but he wanted to go to the emergency room to have his arm examined. *Id.*

Officer Holloway returned to the jail, when he was advised that plaintiff had asked to go to the emergency room. *Id.*, Ex. 2 at 2. Plaintiff was transported to the McAlester Regional Health Center Emergency Room at approximately 2:14 a.m. on December 18, 2003. *Id.*, Ex. 2 at 2 and Ex. 7 at 4. Plaintiff's left elbow, left humerus, left shoulder, and chest

4

were x-rayed, and no fractures or dislocations were found. *Id.*, Ex. 6 at 1-3. Plaintiff was diagnosed with a left elbow sprain, a 3-centimeter scalp laceration, and multiple abrasions. *Id.*, Ex. 6 at 11. He was prescribed Keflex, an antibiotic, and instructed to take Tylenol as needed for pain. *Id.*, Ex. 6 at 4; Ex. 8. Plaintiff stated in his deposition that he did not know that Keflex is an antibiotic, but believed it was a pain reliever. *Id.*, Ex. 7 at 29-30. After plaintiff was discharged from the hospital at approximately 3:12 a.m., he was returned to the jail where he stayed until his release on December 20, 2003. *Id.*, Ex. 3 at 2.

Plaintiff's civil rights claim is based on the allegation that he did not receive his prescribed Keflex during the two days he remained in the Pittsburg County Jail. *Id.*, Ex. 7 at 26-27, 35. He claims he was injured by the denial of Keflex, because his arm still hurts, and the Keflex "probably would have eased the pain." *Id.*, Ex. 7 at 31. He admits, however, that he did not get an infection from not receiving the Keflex *Id.*, Ex. 7 at 31-32.

Plaintiff sued Sheriff Amaranto only because "he's the bosses [sic] -- or supervisor ... of Brandi and James." *Id.* at 38, 49. Amaranto had no contact with plaintiff during his incarceration at the Pittsburg County Jail from December 18, 2003, to December 20, 2003. *Id.* at 38. Plaintiff saw Amaranto only once during this time, when he was taken to court. *Id.* at 38. Plaintiff admits Amaranto was not notified of his complaints, and Amaranto never refused to give plaintiff his medication or did anything that was deliberately indifferent to plaintiff's medical needs. *Id.* at 41, 46, 100. Plaintiff further stated he has no evidence that Sheriff Amaranto failed to use reasonable care in hiring or training deputies or that Amaranto promulgated any improper policy, procedure, or custom that caused the alleged violations of plaintiff's constitutional rights. *Id.* at 46-47, 101.

Defendant Sheriff Amaranto alleges, among other things, that he did not participate

5

in any of the alleged constitutional violations of which plaintiff is complaining. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "[A] supervisor is not liable under § 1983 for the actions of a subordinate unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise." *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)).

After careful review, the court finds there is no evidence in the record to support plaintiff's claim against Defendant Amaranto. *See Celotex*, 477 U.S. at 325. Defendant Jerome Amaranto's motion for summary judgment is granted.

## Defendant Police Chief Dennis Cook

Plaintiff alleged in his complaint that when he was arrested, he was struck in the head with a large flashlight, and his left arm was twisted. [Docket #1 at 3, 6]. He does not deny resisting arrest, but he is "foggy" and "forget[s] a lot" because of his methamphetamine use. [Docket #79, Ex. C at 66, 95-96].

Plaintiff sued Krebs Police Chief Dennis Cook, because Cook supervised the arresting officers. *Id.*, Ex. C, 35-36. He, however, admitted he knew nothing about the management, policies and procedures, or manner of supervision of the Krebs Police Department, or the type of training the Krebs police officers undergo. *Id.* Ex. C at 90. Plaintiff further admitted that Cook had no management responsibility for the jail. *Id.*, Ex. C at 87. In addition, he conceded that none of the ten counts in his civil rights complaint involved Defendant Cook

or the City of Krebs. *Id.*, Ex. C at 92-94.

Defendant Cook also has filed a motion for summary judgment, alleging plaintiff has disclaimed his claims against Cook, and Cook cannot be held liable as the supervisor of the arresting officers. It is undisputed that he did not personally participate in plaintiff's arrest or his alleged denial of medical treatment at the jail. *See Bennett*, 545 F.2d at 1262-63. As discussed above, "[a] supervisor is not liable under section 1983 unless an 'affirmative link' exists between the deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'" *Specht v. Jenson*, 832 F.2d 1516, 1524 (10th Cir. 1987) (quoting *McKay v. Hammock*, 730 F.2d 1367, 1374 (10th Cir. 1984)). Therefore, the court finds plaintiff has failed to show there is a genuine issue for trial, and Defendant Cook also is entitled to summary judgment.

## Plaintiff's Motion in Refute of Disposition [sic] and Request for Correction to be Entered into Record [2]

Plaintiff alleges in his motion in refute of deposition and request for correction to be entered into record [Docket #80] that he has learned through discovery the identities of John Doe #1 and #2, and the identities of John and Jane Doe #4-#14. According to plaintiff, John Doe #1 and John Doe #2, the arresting officers, are James Hollow and J. W. Young,[3] and John or Jane Doe #4-#14 are Brandi Crenshaw and James Teafatiller. Defendant Amaranto has filed a response to plaintiff's motion [Docket #84], alleging plaintiff's requested

---

[2] Plaintiff's motion is not in conformance with Local Civil Rule 7.1(c), which requires that each motion be a separate pleading.

[3] According to the record, the arresting officers were James Holloway and J. W. Young.

7

substitution of parties is barred by the statute of limitations.

Plaintiff's claims concerning the arresting officers arose on December 17, 2003, and the alleged denial of medical treatment by the jailers occurred on December 18, 2005. With a two-year statute of limitations, plaintiff's complaint was deemed to have been timely "filed" pursuant to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), on December 16, 2005. [Docket #54 at 4-5]. Plaintiff's motion to substitute four individuals for John or Jane Doe defendants was filed more than 20 months later on September 11, 2007.

Here, the court finds plaintiff's attempt to substitute named defendants for the original unknown John or Jane Doe defendants amounts to adding a new party. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir. 1984); *see also Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam) ("[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." (internal quotation marks omitted)). Therefore, all the requirements of Fed. R. Civ. P. 15(c)(3) must be met in order for plaintiff's proposed amendment to his complaint to relate back to the original. *Garrett*, 362 F.3d at 696 (citing *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1226-27 (10th Cir. 1991)).

Rule 15(c) provides that an amended pleading will relate back to the date of the original pleading when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the

8

> period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

After careful review, the court finds plaintiff has failed to meet his burden of showing that James Holloway, J. W. Young, Brandi Crenshaw, or James Teafatiller had knowledge of this pending lawsuit. Because almost four years have elapsed since the alleged December 2003 incidents occurred, the court further finds these individuals would be prejudiced in maintaining their defenses on the merits. Furthermore, there is no evidence of a mistake concerning the identities of these four people. Therefore, plaintiff's request to substitute these four named individuals for John and Jane Does #1-#2 and #4-#14 is denied.

Plaintiff also claims in his motion that certain portions of his deposition, submitted as exhibits to Defendants Amaranto's and Cook's motions for summary judgment, are not relevant. Construing his pleading liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), the court considers his "refute" of the deposition to be a motion in limine and denies the motion as moot.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990);

9

*Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Defendant Jerome Amaranto's motion for summary judgment [Docket #77] is GRANTED, Defendant Dennis Cook's motion for summary judgment [Docket #78] is GRANTED, plaintiff's motion in refute of deposition and request for correction to be entered into record [Docket #80] is DENIED, this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 30 day of October 2007.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**